**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HECTOR ALVARADO,<br><br>            Petitioner,<br><br>  v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>            Respondent. | No. 12-73116<br><br>Agency No. A074-424-184<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Hector Alvarado, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for cancellation of removal. Our

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

or constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part, and deny in part, the petition for review.

We lack jurisdiction to review the agency's discretionary decision, pursuant to 8 U.S.C. § 1101(f), that Alvarado lacked good moral character. *See Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 854 (9th Cir. 2006). Although we retain jurisdiction to review colorable questions of law or constitutional claims, *see* 8 U.S.C. § 1252(a)(2)(D), Alvarado's contention that the agency erred in its moral character determination because his alleged misrepresentations were not listed as one of the per se statutory exclusions found in 8 U.S.C. § 1101(f) fails because the agency's determination was based in the statute's "catch-all" provision. *See* 8 U.S.C. § 1101(f) (final paragraph). Alvarado's remaining challenges to the agency's discretionary decision are not colorable constitutional or legal challenges that would invoke our jurisdiction.

Petitioner's remaining contention regarding his eligibility for a stay is moot.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**