NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANTIAGO GABRIEL CEDILLO-
RAMIREZ, AKA Alex Henry Solis,

Petitioner,

v.

JEFFREY A. ROSEN, Acting Attorney
General,

Respondent.

No.    18-71614

Agency No. A208-598-018

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2020[**]
Pasadena, California

Before:  KELLY,[***] GOULD, and R. NELSON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Santiago Gabriel Cedillo-Ramirez ("Cedillo"), a native and citizen of Mexico, entered the United States without admission in 1990. He later assumed a false identity by purchasing another person's birth certificate. He used this false identity in ways including to obtain a replacement social security card, to file taxes, and to provide information on his son's birth certificate.

After applying for a passport under the false name, he was confronted about the false identity and admitted his true identity. In 2015, DHS issued a Notice to Appear and charged him as removeable under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. Cedillo applied for cancellation of removal.

After a hearing before an immigration judge ("IJ"), the IJ denied Cedillo's request for cancellation of removal. Cedillo appealed that decision to the Board of Immigration Appeals ("BIA"). The BIA dismissed the appeal. This appeal followed.

When the BIA issues its own opinion, we review the BIA's decision as the final agency determination. *See Corpuz v. Holder*, 697 F.3d 807, 810 (9th Cir. 2012). We review legal questions *de novo*. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1117 (9th Cir. 2014).

We do not have jurisdiction to review the BIA's denial of cancellation based on the discretionary determination that he lacks good moral character under the

"catch-all" provision of 8 U.S.C. § 1101(f)." *Lopez-Castellanos v. Gonzales*, 437 F.3d 848, 854 (9th Cir. 2006) ("We are bound by that discretionary determination, which is insulated from federal review[.]"). We do retain jurisdiction to review "colorable legal or constitutional questions regarding the discretionary cancellation determination." *Alvarado v. Lynch*, 623 F. App'x 432 (9th Cir. 2015).

The good moral character catchall provision, 8 U.S.C. § 1101(f), as applied to Cedillo is not void for vagueness. Cedillo's argument that as applied to him, the good moral character catchall provision under 8 U.S.C. § 1101(f) is void for vagueness, is erroneous. The Government properly explains that cancellation of removal is a type of discretionary relief that does not create a substantive interest protected by the Due Process Clause. Denial of cancellation of removal does not deprive Cedillo of a constitutionally protected interest.

"[A]liens have 'no fundamental right to discretionary relief from removal for purposes of due process and equal protection' because such relief is a 'privilege created by Congress.'" *Mendez-Garcia v. Lynch*, 840 F.3d 655, 665 (9th Cir. 2016)). A denial of discretionary relief "cannot violate a substantive interest protected by the Due Process clause." *Munoz v. Ashcroft*, 339 F.3d 950, 954 (9th Cir. 2003)). "Because 'cancellation of removal is a form of discretionary relief which does not give rise to a 'substantive interest protected by the Due Process Clause', its denial

likewise does not deprive an applicant of a constitutionally protected liberty or property interest." *Mendez-Garcia*, 840 F.3d at 665.

Finally, under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the agency did not lack jurisdiction. Cedillo contends that the Notice to Appear was deficient, and that the IJ did not have jurisdiction over his case because the Notice to Appear lacked a specific date and time. We reject this argument. *Pereira* deals with only the narrow issue of whether an NTA that does not specify the time and place of the proceedings triggers the stop-time rule. *Pereira*, 138 S.Ct. at 2113. But as noted by the Government, this case does not implicate the stop-time rule.

**PETITION DENIED.**